**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**

| | | |
|---|---|---|
| **SOLOMON STANLEY, Individually,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Case No. 1:24-cv-04699-VMC** |
| | : | |
| **SWAMINE, LLC** | : | |
| **A Domestic Limited Liability Company** | : | |
| | : | |
| **Defendant.** | : | |
| _____ / | | |

**PLAINTIFF'S MOTION AND BRIEF FOR ENTRY OF JUDGMENT**
**AFTER DEFAULT AGAINST DEFENDANT SWAMINE, LLC**

Plaintiff, Solomon Stanley, pursuant to the provisions of Rule 55(b)(2) of

the Federal Rules of Civil Procedure, moves this Court to enter Judgment after

Default against Swamine, LLC.

1.    The Complaint in the above captioned matter was filed on October 16, 2024.

2.    A Summons was issued against Defendant Swamine LLC on October 16,

2024.

1

**<u>Motion</u>**

This is an action for injunctive relief and attorneys' fees and costs pursuant to 42 U.S.C. §12181, et seq. ("Americans With Disabilities Act" or "ADA"). Defendant was served on Plaintiff had attempted service of the Defendant on the registered agent on October 26, 2024. To date, Defendant Swamine, LLC has not responded or otherwise entered an appearance in this matter.

For further grounds for entering Judgment After Default, the Plaintiff submits the following Memorandum of Law.

Memorandum of Law

<u>I.  Plaintiff Is Entitled To Default Judgment</u>

This Court has original jurisdiction over the action pursuant to 28 U.S.C. §1331 and 1343 for Plaintiff's claims arising under 28 U.S.C. §12181, et seq., based on Defendant's violations of Title III of the Americans With Disabilities Act (<u>see also</u>, 28 U.S.C. §2201 and §2202).

Pursuant to the provisions of Rule 55 of the Federal Rules of Civil Procedure, when a party against whom affirmative relief is sought has failed to plead or otherwise defend as provided by the Rules of Civil Procedure, such as the Defendant in this cause, a default shall be entered against that party.  In this instance, a default was entered.  Thereafter, a default judgment shall be entered by

2

the court against the defendant, based upon evidence provided by a supporting affidavit and/or a hearing if necessary.

On July 26, 1990, Congress enacted the Americans With Disabilities Act, and established January 26, 1992, as the date when all public accommodations had to comply therewith.  42 U.S.C. §12181; 28 CFR §36.508(a) (or January 26, 1993 if defendant has 10 or fewer employees and gross receipts of $500,000 or less). Under either scenario, the Defendant's deadline for compliance has long since passed.

The premises which are owned by the Defendant, and which is the subject of this action, includes a facility known as the Chevron Gas Station at 2991 Powder Springs Road, Powder Springs, GA, must be accessible by individuals with disabilities.  Pursuant to 42 U.S.C. §12181(7); 28 CFR §36.104, the building which is the subject of this action is a public accommodation covered by the ADA and which must be in compliance therewith.

Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated federal regulations to implement the requirements of the ADA.  28 CFR Part 36. Defendant is in violation of 42 U.S.C. 12181 et seq., and 28 CFR 36.302 et seq., and is discriminating against the Plaintiff.  The discrimination is based on the

Defendant denying Plaintiff full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations as prohibited by 42 U.S.C. §12182 et seq., and by failing to remove architectural barriers pursuant to 42 U.S.C. §12182(b)(2)(A)(iv), where such removal is readily achievable.

Pursuant to 42 U.S.C. 12188(a)(2), this Court is provided authority to grant Plaintiff injunctive relief, including an Order to alter the subject facilities to make them readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

Further, the court stated that Plaintiff is entitled to their attorney fees, costs, litigation expenses and expert fees incurred.

## II.  Plaintiff Is Entitled To His Attorney Fees, Costs, Litigation Expenses and Expert Fees

Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action, and has agreed to pay his counsel reasonable attorney's fees, including costs and  litigation expenses incurred in this action.  Plaintiff is entitled to recover those attorneys' fees, costs and litigation expenses from Defendant pursuant to 42 U.S.C. §12205.

Attorneys' fees, expert fees, litigation expenses and costs are recoverable under the ADA.  42 U.S.C. § 12205.  To recover attorney fees under 42 U.S.C. §

12205 a plaintiff must be a prevailing party.  Buckhannon Bd. & Care Home, Inc. v. W.Va. Dep't of Health & Human Res., 532 U.S. 598 (2001).  In order to be a "prevailing party" under Buckhannon , a plaintiff must not only achieve some material alteration of the legal relationship of the parties, but that change must also be judicially sanctioned. In the instant action, Plaintiff is a prevailing party pursuant to the Default.

III.    CALCULATING ATTORNEYS FEES

In the Eleventh Circuit, Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292 (11 Cir. 1988) prescribes the law for determining the appropriate award of attorney's fees. First, the Court must multiply the number of hours reasonably expended by a reasonable hourly rate under what is known as the "lodestar" approach. After determining the "lodestar" Id. at 1299, 1302., the Court may adjust the amount depending upon a number of factors, including the quality of the results. As the fee applicant, Plaintiff "bears the burden of establishing Id. at 1302 entitlement and documenting the appropriate hours and hourly rates.

A.    Hourly Rate

The first part of the lodestar analysis is to determine the reasonable hourly rate for the hours for which the fee applicant is seeking attorney's fees. A reasonable hourly rate is "the prevailing market rate in the relevant legal

5

community for similar services by lawyers of reasonably comparable skills, experience, and reputation." The fee applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates in the relevant community. See Norman, 836 F.2d at 1299.  Satisfactory evidence consists of more than the affidavit of the attorney who performed the work. The Eleventh Circuit has recognized that the Court itself is an expert with regard to the hourly rates charged in the local community. Loranger v. Stierheim, 10 F.3d 776, 781 (11 Cir. 1994) (quoting Norman, 836 F.2d at 1299).

In the present matter, the subject property is in Powder Springs, GA. Plaintiff, who consulted with local counsel, was unable to locate any attorney in the Powder Springs area that has substantial experience in litigation under the ADA. However, in Chadwick v Warren and Associates, Inc. (MD GA, Civil Action 7:15-CV-40) the Court allowed attorney fees of $250.00 for a simple, non-complex matter in Valdosta, GA. In Oconee County School District v A.B. (MD GA, Docket 3:14-cv-72, decided January 15, 2015) the Court allowed an hourly rate of $350.00 for a matter in Athens. It should be noted by this Honorable Court that the decision was seven (7) years ago and that attorney hourly rates have certainly increased.

6

In the present matter, Plaintiff has considerable experience in ADA Title III litigation. He has over twenty (20) years of experience as a trial attorney. He is a member of the Pennsylvania Bar, 1999; the New Jersey Bar, 2000; the Kansas Bar, 2014; the Michigan Bar, 2014; the Georgia Bar, 2014; Western District of Pennsylvania, 2008; Middle District of Pennsylvania, 2009; Western District of Texas, 2009; District of Maryland, 2009; Northern District of Florida, 2010, Eastern District of Michigan, 2010; Eastern District of Wisconsin, 2010; District of Colorado, 2011; Eastern District of Texas, 2011; Western District of Michigan, 2011; District of Nebraska, 2011;District of North Dakota, 2011; Central District of Illinois, 2011; Northern District of Illinois, 2011; Southern District of Illinois, 2011; Eastern District of Arkansas, 2011; Western District of Arkansas, 2011; Western District of Oklahoma, 2011; Northern District of Texas, 2011; Northern District of New York, 2011; Eastern District of Oklahoma, 2011; Southern District of Texas, 2011; Northern District of Ohio, 2012; Northern District of Oklahoma, 2012; Western District of Wisconsin, 2012, Northern District of New York, 2012, District of Kansas, 2014; Western District of Missouri, 2014, Middle District of Georgia, 2015, Northern District of Georgia, 2015; U.S. Court of Appeals for the Armed Forces, 2009; U.S. Court of Appeals for the Fourth Circuit, 2010; U.S. Court of

Appeals for the Second Circuit, 2011; and Pokagon Band of Potawatomi Indians Tribal Court, 2015.

Further, it is estimated that there are very few firms or attorneys nationwide that litigate Title III ADA claims. Thus, Plaintiff's attorney has developed forms and procedures aimed at reducing the number of hours incurred at the inception of the case. For example, a complaint that would normally require 10-20 hours to generate only requires 1-2 hours for this firm. Such efficiency, however, should not be construed as an indication that ADA cases do not present novel and difficult questions. To the contrary, representation of plaintiffs in ADA actions presents numerous issues regarding entitlement to injunctive relief, standing, barriers to access, undue burden, exemptions, new construction, expert reports, alterations versus pre-ADA construction, extensive knowledge of the ADAAGs (relevant ADA accessibility guidelines), Technical Assistance Manual and a multitude of other guides issued by the Department of Justice, the extensive volumes of case law issued by the courts nationwide, and finally whether remedial measures are "readily achievable."

Plaintiff submits that the novelty and difficulty of the issues presented in ADA actions, and the skill requisite to properly address such issues, justify a higher rate than many other areas of practice.

Plaintiff is presently requesting $400.00 an hour. Based upon his experience, previous Court decisions, and previous holdings of this Court, this amount is reasonable and should be granted.

B.    Hours Expended

The other is the determination of reasonable hours. In this regard, "[f]ee applicants must exercise what the Supreme Court has termed billing judgment. … That means they must exclude from their fee applications excessive, redundant, or otherwise unnecessary hours." ACLU of Georgia v Barnes, 168 F.3d 423 (1999). Thus, the district court "must be reasonably precise in excluding hours thought to be unreasonable or unnecessary," and "is charged with deducting for redundant hours." Norman, 836 F.2d at 1301. "If fee applicants do not exercise billing judgment, courts are obligated to do it for them, to cut the amount of hours for which payment is sought, pruning out those that are excessive, redundant, or otherwise unnecessary. Courts are not authorized to be generous with the money of others." ACLU of Georgia, 168 F.3d at 428 (internal quotation marks omitted).

In order for the Plaintiff to satisfy the burden of proving the number of hours reasonably spent on the litigation, the party must submit "meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were

allotted to specific tasks." Hensley v. Eckerhart, 461 U.S. 424 (1983). "The prevailing party must make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988).

The Supreme Court has stated that:

> Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation .... In these circumstances the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit. Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters.

Hensley at 435, 103 S.Ct. 1933 (1983)

Plaintiff respectfully requests that the Court give proper weight to the public interests that were vindicated for the Plaintiff and disabled persons as a result of this litigation. Defendant shall now be required to make to its premises fully compliant, which will assist not only the Plaintiff but also all disabled persons. This was made possible by Plaintiff and her attorney. As such, Plaintiff's attorney should recover a fully compensable fee for all hours expended on this matter.

Plaintiff's attorney's affidavit (Attached hereto as Exhibit A) consists of the time sheets to date of time spent by Plaintiff's attorney. As set forth on those time

sheets, attorney Pete M. Monismith spent 13.8 hours  and his paralegal expended 2.5 hours.  This time was reasonable and necessary to bring this matter to conclusion with the beneficial results obtained.  This time includes the time expended by Plaintiff's counsel in drafting this Motion.  Any and all time incurred by Plaintiff's counsel in filing, preparing and litigating this Motion and any hearings thereon is compensable.

To date, the Plaintiff has incurred $5,520.00 for attorneys' fees based on an hourly rate of $400.00 per hour for legal services by attorney Pete M. Monismith, and paralegal fees of $287.50 based on $115 per hour for the paralegal.   Plaintiff's counsel certifies that he has fully reviewed the time records and supporting data and that the motion is well grounded in fact and is justified.

C.    Costs

A  prevailing party is entitled to costs pursuant to Rule 54(d) of the Federal Rules of Civil Procedure. These costs are defined by 28 U.S.C. § 1920, which provides for recovery of, <u>inter alia</u>, (1) fees of the Clerk and process server; (2) court reporter fees "for all or any part of the stenographic transcript obtained for use in the case"; (3) fees for printing and witnesses; (4) fees "for exemplification and copies of papers necessarily obtained for use in the case"; and (5) docket fees.

11

Additionally, in civil rights actions, a prevailing party may recover expenses not normally available under § 1920.

To date, Plaintiff has incurred a total of $1,637.10. This amount includes the filing fee ($402.00), expert fees and travel costs ($1,200.00), and an Accurint database search of the property ($25.00).

D.     Litigation Expenses

In order to properly document the numerous discriminatory barriers at the property, Plaintiff had to hire an expert, Savannah Moore Consulting. Ms. Moore issued a preliminary report of her findings at the property, which was utilized to draft the Complaint. (Attached hereto is a copy of her resume as Exhibit C) Ms. Savannah was paid a fee of $1,200.00 for her time spent investigating the barriers at the property, and for issuing the report. This cost was a necessary expense in order to proceed with this matter. If it weren't for this report, Plaintiff would not have been able to properly verify and file his Complaint, as he is not an expert in the ADA.

The powers, remedies and procedures in 42 U.S.C. § 2000e-5 are available in ADA actions. See 42 U.S.C. §12117(a). As a result, in an ADA action, the court may in its discretion allow reasonable attorney's fee, including *expert fees*, as part of the

costs. 42 U.S.C. §2000e-5(k). See also 42 U.S.C. § 12205; 28 C.F.R. §35.175.

(italics added).

## V.  INJUNCTIVE RELIEF

As previously explained, this is a matter for injunctive relief wherein

Plaintiff is requesting that the property subject to the lawsuit is made compliant.

In the case at bar, the expert performed an initial field inspection to confirm

the validity of the Complaint, and issued an initial report of the violations.

Attached hereto as Exhibit C, is a copy of the initial report and invoice.

## VI. CONCLUSION

WHEREFORE, Plaintiff respectfully moves this Court to enter Judgment

After Default against the Defendant, enjoining them from discriminating against

individuals with disabilities, closing the subject facilities until completion of all

alterations necessary to make the premises accessible by individuals with

disabilities and otherwise in compliance with the ADA, and awarding Plaintiff her

attorneys' fees, expenses and costs incurred in this action in the amount of

$7,454.60.

Respectfully submitted,


By: */s/ Pete M. Monismith*
Pete M. Monismith

13

Georgia Bar 941228
Attorney for Plaintiff
3945 Forbes Ave., #175
Pittsburgh, PA 15213
(tel) 724-610-1881
(fax) 412-258-1309
pete@monismithlaw.com

CERTIFICATE OF SERVICE

I certify that on May 15, 2025, I electronically filed the foregoing document with

the Clerk of the Court using the CM/ECF system, and sent notice, by United States

Postal Service to:

SWAMINE, LLC                          SWAMINE, LLC
C/O MAULIK PATEL                      2991 POWDER SPRINGS ROAD
2002 BARRINGTON LANE                  POWDER SPRINGS, GA 30127
VILLA RICA, GA 30180


 /s/ Pete M. Monismith
Pete M. Monismith