IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SOLOMON STANLEY,

     Plaintiff,

v.

SWAMINE, LLC, a domestic limited
liability company,

     Defendant.

Civil Action No.
1:24-cv-04699-VMC

**ORDER**

This matter is before the Court on Plaintiff Solomon Stanley's Motion for

Entry of Default Judgment Against Defendant Swamine, LLC. (Doc. 6). After

careful consideration, the Court grants Plaintiff's Motion.

I.    **Background**

Plaintiff Solomon Stanley brought this action seeking declaratory and

injunctive relief, costs, and attorney's fees against Defendant Swamine, LLC for

violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et*

*seq.* ("ADA"), in connection with Defendant's purported ownership and operation

of USA Food Mart, located at 2991 Powder Springs Road, Powder Springs, Georgia

("Chevron Food Mart").[1] (Doc. 1 ¶¶ 1, 8). According to the Complaint, Plaintiff

---

[1] On January 28, 2026, the Court held a telephone conference with Plaintiff. In the
conference, Plaintiff's counsel informed the Court that in order to determine said

suffers from mobility issues, uses prescribed knee braces, must ambulate with a cane, and is only able to ambulate short distances. (*Id.* ¶ 5). Plaintiff alleges that he is a frequent patron at Chevron Food Mart and that there are "numerous architectural barriers present at Chevron Food Mart that prevent and/or restrict access by Plaintiff, in that several features, elements, and spaces of Chevron Food Mart are not accessible to or usable by Plaintiff" as specified in 28 C.F.R. § 36.406 and the Standards for Accessible Design, 28 C.F.R., Pt. 36, Appendix A.[2] (*Id.* ¶ 14).

---

ownership, he conducted a property search of Cobb County, Georgia. The search revealed Defendant Swamine as the owner of the property located at the relevant address. Next, Plaintiff conducted a business search through the Georgia Corporations Division which demonstrated that Swamine's principal office address is the same address as Chevron Food Mart. Therefore, the Court is satisfied that Defendant owns the property.

[2] In particular, Plaintiff alleges that he personally suffered discrimination because of the following design elements:

a. There are designated accessible parking spaces that lack signage so that a disabled individual knows where to park.
b. There are designated accessible parking spaces that have parking signs too low for a disabled individual to use.
c. The designated accessible ramp has an excessively high ramp that creates a tripping hazard for a disabled individual.
d. The designated accessible ramp is in disrepair and creates a hazard to a disabled individual
e. There is an excessively high threshold at the door that creates a hazard for a disabled individual.
f. The public restroom has the following violations:
   - There is insufficient clear floor space in the A-Style stall for a disabled individual to utilize such.
   - There is a lack of grab bars for a disabled individual to use.
   - The paper towel dispenser is out of reach to a disabled individual.

2

As such, Plaintiff alleges that upon visiting the property, he personally suffered discrimination because of his disability. (*Id.* ¶ 15).

Defendant was properly and timely served with a copy of the Complaint and Summons on October 23, 2024. (Doc. 3). Defendant failed to serve any response or otherwise answer the Complaint. On January 9, 2025, Plaintiff filed a Motion for Clerks Entry of Default, which the Clerk promptly entered. (*See* ECF entry after Doc. 4).

On May 15, 2025, Plaintiff filed the instant Motion seeking entry of default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2) against Defendant for declaratory and injunctive relief, as well as reasonable attorneys' fees and costs. (Doc. 6). The time for Defendant to respond has long since passed, making this Motion ripe for review.

## II.    Legal Standard

If a defendant fails to plead or otherwise defend a lawsuit within the time required by Federal Rule of Civil Procedure 12(a)(1)(A), upon motion, the clerk must enter default against the defendant pursuant to Federal Rule of Civil Procedure 55(a). A default constitutes admission of all well-pleaded factual

---

- There is no sink wrap under the sink which creates a burning hazard for a disabled individual.
- The mirror is located too high for a disabled individual to use.

(Doc. 1 ¶ 16).

allegations contained in the complaint, but is not considered an admission of facts that are not well-pleaded or conclusions of law. *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005). "Before a default can be entered, the court must have subject-matter jurisdiction and jurisdiction over the party against whom the judgment is sought, which also means that the party must have been effectively served with process." 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2682 (4th ed. 2008) (citations omitted).

Once a default has been entered, the Court has the "discretion in determining whether the judgment should be entered." *Patray v. Nw. Publ'g, Inc.*, 931 F. Supp 865, 868 (S.D. Ga. 1996) (internal footnote and citation omitted); Fed. R. Civ. P. 55(b); *see also Hamm v. DeKalb Cnty.*, 774 F.2d 1567, 1576 (11th Cir. 1985) ("The entry of a default judgment is committed to the discretion of the district court.").

The Eleventh Circuit has made clear that entry of judgment by default is not granted as a matter of right and is judicially disfavored because there is a "strong policy of determining cases on their merits." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244–45 (11th Cir. 2015) (citation omitted); *see also Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1316–17 (11th Cir. 2002) ("Entry of judgment by default is a drastic remedy which should be used only in extreme situations, . . . we must respect the usual preference that cases be heard on the

4

merits rather than resorting to sanctions that deprive a litigant of his day in court.").

Entry of default judgment is only warranted when there is "a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F. 2d 1200, 1206 (5th Cir. 1975). Although *Nishimatsu* did not elaborate as to what constitutes "a sufficient basis" for the judgment, courts have subsequently interpreted the standard as being akin to that necessary to survive a motion to dismiss for failure to state a claim. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997) ("[A] default judgment cannot stand on a complaint that fails to state a claim."). Conceptually, then, a motion for default judgment is like a reverse motion to dismiss for failure to state a claim. *See Wooten v. McDonald Transit Assocs., Inc.*, 775 F.3d 689, 695 (5th Cir. 2015) (stating in the context of a motion for default judgment, "whether a factual allegation is well-pleaded arguably follows the familiar analysis used to evaluate motions to dismiss under Rule 12(b)(6)").

When evaluating a motion to dismiss, a court looks to see whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face."' *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This plausibility standard is met "when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556); *Surtain*, 789 F.3d at 1245 (footnote omitted). "The court must therefore examine the sufficiency of plaintiff's allegations to determine whether plaintiff is entitled to an entry of judgment by default." *Fidelity & Deposit Co. of Md. v. Williams*, 699 F. Supp. 897, 899 (N.D. Ga. 1988). The Supreme Court has explained that the pleading standard of Rule 8 of the Federal Rules of Civil Procedure "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (citations and quotations omitted).

"This analysis is equally applicable to a motion for default judgment." *Edenfield v. Crib 4 Life, Inc.*, No. 6:13-CV-319-Orl-36KRS, 2014 WL 1345389, at *2 (M.D. Fla. Apr. 4, 2014) (adopting Report and Recommendation) (citing *De Lotta v. Dezenzo's Italian Rest., Inc.*, No. 6:08-CV-2033-Orl-22KRS, 2009 WL 4349806, at *5 (M.D. Fla. Nov. 24, 2009)).

Further, the Court may only enter a judgment by default without a hearing where the amount of damages is a liquidated sum or one capable of mathematical calculation. Fed. R. Civ. P. 55(b); *Jenkins v. Clerk of Court*, 150 F. App'x 988, 989 (11th

Cir. 2005). Whether to hold a hearing is committed to the Court's discretion. *DIRECTV, Inc. v. Huynh*, 318 F. Supp. 2d 1122, 1129 (M.D. Ala. 2004) (citing Fed. R. Civ. P. 55(b)(2)).

A plaintiff requesting a default judgment award under Rule 55(b)(1) must provide an affidavit and evidence supporting that it is entitled to a specific, certain sum of money. *Lubin, Sarl, a French Co. v. Lubin N. Am., Inc.*, No. 1:13-CV-2696-AT, 2014 WL 11955396, at *2 (N.D. Ga. Apr. 10, 2014). "A claim is not a sum certain unless there is no doubt as to the amount to which a plaintiff is entitled as a result of the defendant's default. Examples of actions seeking a sum certain include actions on money judgments and negotiable instruments." *Id.* (citations and internal punctuation omitted).

## III.    Discussion

### A.    Title III ADA Discrimination

For the present Motion, Plaintiff must first demonstrate that he states a claim for discrimination under the ADA and then show that he is entitled to injunctive relief. *See Thorton v. Hosp. Mgmt. Assocs., Inc.*, 787 F. App'x 634, 639 (11th Cir. 2019) (per curiam) ("If the plaintiff establishes a violation of the ADA, an injunction is an appropriate form of relief."). To do so, he must show that: "(1) he is a disabled individual; (2) the defendant owns, leases, or operates of public accommodation; and (3) the defendant discriminated against the plaintiff within the meaning of the

7

ADA." *Id.* at 638–39 (citing 42 U.S.C. § 12182(a)). "Disability" means "a physical or mental impairment that substantially limits one or more major life activities of [an] individual." *Id.* (quoting § 12102(1)). "Places of public accommodation" include bakeries, grocery stores, clothing stores, hardware stores, shopping centers, or other sales or rental establishments. 42 U.S.C. § 12181(7)(E). Discrimination includes "failure to remove architectural barriers" when removal is readily achievable.[3] *Id.* § 12182(b)(2)(A)(iv). Because Defendant has not appeared, "all of Plaintiff's well-pled allegations in the Complaint are deemed admitted." *Ariza v. Wolf Fashion LLC*, No. 22-cv-21944, 2022 WL 3591294, at *1 (S.D. Fla. Aug. 22, 2022) (quoting *Ordonez v. Icon Sky Holdings LLC*, No. 10-60156-CIV, 2011 WL 3843890, at *5 (S.D. Fla. Aug. 30, 2011)). Therefore, Defendant admitted that it discriminated against Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings as prohibited by 42 U.S.C. § 12182 *et seq.* and 28 C.F.R. 36.302 *et seq.* Defendant further admits that it continues to discriminate against Plaintiff by failing to make reasonable modifications in policies, practices, or procedures,

---

[3] Absent meaningful response from Defendant, neither Plaintiff nor the Court is able to ascertain the age of the property. Nonetheless, the Court is satisfied that Plaintiff has demonstrated that the proposed method of architectural barrier removal is "readily achievable" meaning that it is "easily accomplishable and able to be carried out without much difficulty or expense" due to the limited nature of the renovations requested. *Gathright-Dietrich v. Atlanta Landmarks, Inc.*, 452 F.3d 1269, 1273 (11th Cir. 2006).

when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities. (Doc. 1 ¶ 24).

As such, the Court finds a sufficient basis in the Complaint to enter default judgment in Plaintiff's favor. If the admitted facts in the Complaint establish liability, then the Court must determine appropriate damages." *Ariza*, 2022 WL 3591294, at *1. Here, Plaintiff requests declaratory and injunctive relief. Injunctive relief is appropriate where the moving party shows that: "(1) he has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered without the injunction; (3) the threatened injury outweighs any damage the injunction would cause to the opposing party; and (4) the injunction would not be adverse to the public interest." *Thorton*, 787 F. App'x at 639 (quoting *Siegler v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc) (per curiam) (internal quotations omitted)). Having met the requirements above, the Court grants Plaintiff's requested relief.

### B.    Attorney Fees

Plaintiff requests attorney fees in a total amount of $5,520.00 based on an hourly rate of $400.00 per hour for legal services provided by attorney Pete M. Monismith, and paralegal fees of $287.50 based on $115.00 per hour for the paralegal. (*See* Doc. 6-1). Pursuant to 42 U.S.C. § 12205, "in any action . . . commenced pursuant to [the ADA], the court or agency in its discretion may allow

the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs[.]" *Ariza*, 2022 WL 3591294, at *2. Congress thus expressly conferred upon federal courts broad discretion in determining when an award of attorney's fees is appropriate.

In the Eleventh Circuit, *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988) provides the framework for determining the appropriate award of attorneys' fees. To determine compensable attorneys' fees, courts apply the lodestar method, which is based on the hours reasonably spent on the case multiplied by the reasonable hourly rate. *Johnston v. Borders*, 36 F.4th 1254, 1277–78 n.40 (11th Cir. 2022). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services, by lawyers of reasonable comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299. The party who applies for attorneys' fees bears the burden of submitting satisfactory evidence to establish both that the requested rate is in accord with the prevailing market rate and that the hours are reasonable. *Id.* at 1303; *see also Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) ("The party seeking attorney's fees bears the burden of producing satisfactory evidence that the

10

requested rate is in line with prevailing market rates." (internal quotation marks omitted)).

After calculating the lodestar fee, the court may then analyze whether to adjust the amount upward or downward. *Ariza*, 2022 WL 3591294, at *2. In making this determination, the court may depend upon a number of factors, including the quality of results, and representation in the litigation. *Norman*, 836 F.2d at 1302. "If the result was excellent, then the court should compensate for all hours reasonably expended." *Id.* (quoting *Popham v. City of Kennesaw*, 820 F.2d 1570, 1580 (11th Cir. 1987)). But "[i]f the result was partial or limited success, then the lodestar must be reduced to an amount that is not excessive." *Id.* (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 436–37 (1983)). Further, a "reduction is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole." *Hensley*, 461 U.S. at 435. As such, the focus should be "on the significance of overall results as a function of total reasonable hours." *Popham*, 820 F.2d at 1578.

The Court has carefully reviewed Plaintiff's requested attorney fee and accompanying exhibits. In determining the appropriate hourly rate for Plaintiff's attorney, the Court considers the factors laid out in *Norman*, case law, as well as its own knowledge and experience. *See Ariza*, 2022 WL 3591294, at *2. In light of the factors above and Defendant's failure to object, the requested rates are reasonable. *Hansen v. Deercreek Plaza, LLC*, 420 F. Supp. 2d 1346, 1350 (S.D. Fla. 2006)

11

("Satisfactory evidence may also include citations to prior precedents showing reasonable rate adjudications for the fee applicant, for comparable attorneys, or for comparable cases." (quotation marks omitted)). The hourly rate for the attorney ($400.00) is not excessive. The Court further concludes that because Plaintiff achieved the full measure of success sought, the award of fees "will encompass all hours reasonably expended on the litigation[.]" *Hensley*, 461 U.S. at 435. Accordingly, the Court awards the attorney the full amount of attorney fees requested.

### C.    Taxable costs and expert fees

Plaintiff also seeks $437.10 in taxable costs, including the filing fee, an Accurint database search of the relevant property, the cost of printing and mailing copies to Plaintiff, as well as $1,200.00 in litigation expenses in the form of the fee and travel costs for Plaintiff's expert Savannah Moore. (*See* Doc. 6 at 12; *see also* Doc. 6-1). To support this request, Plaintiff attached Ms. Moore's curriculum vitae and invoice for services, and payment records associated with the other costs incurred. (*See* Docs. 6-1, 6-2, 6-3).

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "A prevailing party must be one who has succeeded on any significant

claim affording it some of the relief sought, either *pendente lite* or at the conclusion of the litigation." *Frazier v. Se. Ga. Health Sys., Inc.*, No. 2:21-CV-21, 2025 WL 2257529, at *6 (S.D. Ga. Aug. 7, 2025) (quoting *Tex. State Teachers Ass'n v. Garland Ind. Sch. Dist.*, 489 U.S. 782, 791 (1989)); *see also Perez v. Miami-Dade Cnty.*, 186 F. App'x 936, 937 (11th Cir. 2006) (explaining that pursuant to 28 U.S.C. § 1920, "[a]bsent a contrary legislative directive, a prevailing party is one who prevails on any significant issue and thereby achieves some benefits sought by bringing suit." (internal quotation marks omitted)). "Such costs, however, may not exceed those permitted." *Mathews v. Crosby*, 480 F.3d 1265, 1277 (11th Cir. 2007). Courts look to 28 U.S.C. § 1920 to identify what costs are taxable against the losing party.[4] *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000) (citation omitted).

Based upon a review of the materials submitted by Plaintiff, the Court finds that the requested costs and expert fees are reasonable and recoverable. *Hutchinson*

---

[4] Section 1920 authorizes the Court to tax the following costs:
(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
28 U.S.C. § 1920.

*v. Pkwy 750 Kennesaw, LLC*, No. 1:23-cv-02805-SCJ, 2025 WL 2889181, at *8 (N.D. Ga. Mar. 20, 2025) (permitting plaintiff to recover costs for filing fee and service of process); *Wright v. Wal-Mart Stores E., LP*, No. 1:18-CV-1006-CC, 2021 WL 1159603, at *5 (N.D. Ga. Mar. 26, 2021) ("The costs for the filing fee in the district court on removal are compensable under Section 1920, which states that the Clerk of the Court may tax costs for '(1) [f]ees of the clerk and marshal.'" (internal citation omitted)). Accordingly, Plaintiff is entitled to recover $1,637.10 in costs and litigation expenses, including the filing fee ($405.00), an Accurint database search of the property ($25.00), the cost of printing and mailing copies to Plaintiff ($7.10), and expert fees ($1,200.00).

## IV.    Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion for Default Judgment. (Doc. 6).

The Court **DECLARES** that Defendant Swamine, LLC has violated Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*

No later than one year from the date of this Judgment, Defendant is **ORDERED** to correct the violations identified in Paragraph 16 of the Complaint[5]

---

[5] The Complaint identifies the following violations:
  1. There are designated accessible parking spaces that lack signage so that a disabled individual knows where to park.

and remain in compliance with Title III of the ADA and 42 U.S.C. § 12181(b)(2)(A)(iv).

It is **FURTHER ORDERED** that Defendant Swamine LLC must pay Plaintiff Solomon Stanley attorney fees in the amount of $5,520.00, paralegal fees in the amount of $287.50, taxable costs in the amount of $437.10, and expert fees in the amount of $1,200.00, for a total of $7,444.60.[6]

---

2. There are designated accessible parking spaces that have parking signs too low for a disabled individual to use.

3. The designated accessible ramp has an excessively high ramp that creates a tripping hazard for a disabled individual.

4. The designated accessible ramp is in disrepair and creates a hazard to a disabled individual

5. There is an excessively high threshold at the door that creates a hazard for a disabled individual.

6. The public restroom has the following violations:
   a. There is insufficient clear floor space in the A-Style stall for a disabled individual to utilize such.
   b. There is a lack of grab bars for a disabled individual to use.
   c. The paper towel dispenser is out of reach to a disabled individual.
   d. There is no sink wrap under the sink which creates a burning hazard for a disabled individual.
   e. The mirror is located too high for a disabled individual to use.

[6] Plaintiff's Motion requests $7,454.60. (*See* Doc. 6 at 13). However, in the accompanying exhibit detailing the fees and costs associated with this litigation, the amount provided adds up to only $7,444.60. As such, the Court grants Plaintiff's request to the extent that it aligns with the relevant exhibit. (Doc. 6-1).

15

The Clerk is **DIRECTED** to send a copy of this Order by certified mail to the

following addresses:

Maulik Patel c/o Swamine LLC
2002 Barrington Ln
Villa Rica, Georgia 30180

USA Food Mart
2991 Powder Springs Road
Powder Springs, Georgia 30127

**SO ORDERED** this 30th day of January, 2026.

Victoria Marie Calvert
United States District Judge